CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 27 2006

JOHN F. CORCORAN, CLERK
BY: /s/ Deputy Clerk
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| GREGORY MARTIN ANDREWS, ) | |
| Petitioner, ) | Civil Action No. 7:06cv00621 |
| ) | |
| ) | **MEMORANDUM OPINION** |
| ) | |
| LOUDON COUNTY SHERIFF, ) | By: Samuel G. Wilson |
| Respondent. ) | United States District Judge |

Petitioner Gregory Martin Andrews, a Virginia inmate proceeding pro se, has filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Andrews is challenging his 1-year incarceration for failure to comply with a civil court order imposed by the Loudon County Juvenile and Domestic Relations Court ("LCJDRC"). As grounds for relief, Andrews alleges that he was denied his right to hire an attorney and his right to a fair trial. The court finds that Andrews has failed to exhaust his available state court remedies and therefore dismisses his petition.

**I.**

Andrews' incarceration of 365 days was imposed by the LCJDRC on May 9, 2006, for failure to pay child support pursuant to court order. Andrews claims that he "[appealed] verbal[ly] to the judge" in LCJDRC. Andrews concedes that he did not raise his claims on direct appeal because he believes that the "state court will back up the county court" and he "feel[s] prejudiced against at the state level." Andrews has not raised his claims though a state habeas corpus petition.

**II.**

A petitioner cannot seek the intervention of a federal court by filing a § 2254 petition until he has first sought and been denied relief in the state courts, if a state remedy is available and adequate. § 2254; Preiser v. Rodriguez, 411 U.S. 475 (1973); Slayton v. Smith, 404 U.S. 53 (1971). In Virginia, all parties subject to a Juvenile and Domestic Relations Court judgment or order may appeal the decision to the Circuit Court. In this case, Andrews admits that he has not presented his

claims to the Loudon County Circuit Court or to the Supreme Court of Virginia, as required. Because Andrews did not avail himself of state court remedies, his § 2254 petition is dismissed for failure to exhaust.

### III.

The clerk is directed to send certified copies of this Memorandum Opinion and accompanying Order to the petitioner and counsel of record for the respondent.

**ENTER**: This 26th day of October, 2006.

_____
United States District Judge